**Cecil R. HAWKINS, Plaintiff— Appellant,**

v.

**HOME DEPOT USA, INC., Defendant—Appellee.**

No. 03–17268.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.*

Decided April 4, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellee's request for oral argument is denied.

**306**

Cecil R. Hawkins, San Leandro, CA, pro se.

Michael J. Sexton, Esq., Andrew J. Jaramillo, Esq., James R. Moss, Jr., Payne & Fears, LLP, Irvine, CA, for Defendant–Appellee.

Before: B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM **

Cecil R. Hawkins appeals pro se the district court's summary judgment in favor of Home Depot USA, Inc., in his Title VII employment discrimination action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Kang v. U. Lim Am., Inc.,* 296 F.3d 810, 814 (9th Cir.2002), and we affirm.

Hawkins failed to establish a prima facie case of disparate treatment based on race because he did not show that he was qualified for the position of freight-team associate or that Home Depot treated other similarly situated employees, who were not in the protected class, more favorably. *See id.* at 818 (setting forth elements of prima facie case of disparate treatment); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1286 (9th Cir.2000) ("[plaintiff's] subjective evaluation of his qualifications cannot raise an issue of material fact").

The district court properly dismissed Hawkins's claims that Home Depot discriminated against him by failing to maintain a record of his sales associate test and altering his test score because he did not include these claims in his charge filed with the California Department of Fair Employment and Housing and the Equal Employment Opportunity Commission. *See EEOC v. Farmer Bros. Co.,* 31 F.3d 891, 899 (9th Cir.1994) (to establish subject matter jurisdiction, plaintiff must exhaust administrative remedies before seeking adjudication of claims in federal court).

The district court also properly granted summary judgment on Hawkins's state law claim of breach of contract because the evidence establishes that Hawkins was an at-will employee. *See Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 100 Cal.Rptr.2d 352, 8 P.3d 1089, 1100–01 (2000) (analyzing Cal. Lab.Code § 2922 and holding that California law presumes at-will employment unless employer and employee specifically agree otherwise); *Halvorsen v. Aramark Unif. Servs., Inc.,* 65 Cal.App.4th 1383, 77 Cal.Rptr.2d 383, 385 (1998) (under California law, an express at-will agreement precludes the existence of an implied-in-fact contract). Similarly, Hawkins's claim that Home Depot breached the covenant of good faith and fair dealing also fails because there are no contract terms to support the covenant. *See Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 254 Cal.Rptr. 211, 765 P.2d 373, 394 (1988).

Hawkins's remaining contentions lack merit.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.